IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 09-83 |
| | ) | |
| DAVID RILEY, | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                                August /2, 2009

This matter is before the court on defendant David Riley's Motion for Revocation of Detention Order, [doc. No. 24]. Defendant argues that United States Magistrate Judge Robert C. Mitchell ordered him detained prior to trial without making "any findings that would support an order of detention under the Bail Reform Act, 18 U.S.C. § 3142, et seq." [Doc. No. 24 at page 1]. The government opposes the motion.

The government notes that a grand jury indicted defendant on one count of Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a). The government contends, therefore, that pursuant to 18 U.S.C. § 3142(e), a presumption exists "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." Id. The government argues that it is defendant's burden to rebut that presumption, and that he failed to do so in the case, thus justifying pretrial detention.

For the reasons set forth below, the court agrees, and will deny defendant's motion.

I.  STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3145(b), this court has jurisdiction to review a United States Magistrate Judge's detention order. The standard of review is de novo. United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985). This court must make an independent determination, but may rely on the evidence introduced at a prior hearing. Id. at 1395.

II. FINDINGS OF FACT

This court's review of the pleadings, evidence and transcript of the detention hearing demonstrates that no additional evidence is necessary. Delker, at 1395 n. 3. The transcript in this matter is hereby incorporated by reference. Additionally, defendant has proffered no additional evidence or argument in support of his motion. Based upon review of the pleadings, evidence and transcript of the detention hearing, we make the following findings of fact:

On March 3, 2009, a grand jury returned a one count indictment against defendant David Riley charging him with sexual exploitation of a minor in or around December of 1998 in violation of 18 U.S.C. § 2251(a). On March 18 2009, defendant

pleaded not guilty. On the same day, Magistrate Judge Mitchell held an evidentiary hearing regarding the government's request that defendant be detained, pretrial. At the conclusion of the hearing, Magistrate Judge Mitchell ordered that defendant be detained. Defendant has now filed this Motion for Revocation of Detention Order, [doc. No. 24].

The charge stems from allegations of sexual abuse of a minor in 1998. Specifically, defendant is accused of taking sexually explicit photographs of a minor. Defendant is also facing related charges in the Court of Common Pleas of Beaver County, Pennsylvania.

At the evidentiary hearing held before Judge Mitchell, Special Agent Thomas Carter of the Federal Bureau of Investigation ("FBI") testified that he was assigned to investigate the case against defendant. Special Agent Carter testified that defendant confessed to him that he committed the crime. Special Agent Carter further testified that he interviewed the victim, now no longer a minor, and she confirmed the allegations. Special Agent Carter also testified that he interviewed defendant's estranged wife who corroborated the allegations and made additional allegations regarding defendant's prior abuse of her. And finally, Special Agent Carter testified regarding allegations of defendant's sexual abuse of other minors. The court finds that Special Agent Carter's testimony is

credible.

Defendant's girlfriend testified on his behalf. Defendant and his girlfriend have three (3) young children together. Defendant's girlfriend testified that defendant suffers from diabetes, Crohn's disease, bi-polar disorder and depression. Defendant girlfriend's testified she would be able to serve as a third-party custodian of defendant if he were released. Although the court has no reason to doubt her sincerity, the court finds that her testimony was otherwise not persuasive. Defendant presented no other evidence.

III. DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3142, sets forth four factors that the court must consider in determining whether pretrial detention is warranted:  1)  the nature and seriousness of the offense charged; 2) the weight of the evidence against the person; 3) the history and characteristics of the person, including, inter alia, his character, employment, family ties, community ties, length of residence in the community, and criminal history; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See United States v. Traitz, 807 F.2d 322, 324 (3d Cir. 1986); see also 18 U.S.C. § 3142(g). As a general rule, the government must prove that defendant is a danger to the

community by clear and convincing evidence. 18 U.S.C. § 3142(f). The government must prove defendant is a flight risk by a preponderance of the evidence. <u>United States v. Himler</u>, 797 F.2d 156, 161 (3d Cir. 1986).

The Bail Reform Act, however, further provides that where, as here, a defendant has been accused of an offense involving a minor victim, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community..." 18 U.S.C. § 3142(e)(2). In order to rebut the presumption, defendant must present "some credible evidence that he will appear and will not pose a threat to the community." <u>United States v. Carbone</u>, 793 F.2d 559, 560 (3d Cir. 1986).

Here, upon review of the transcript of the evidentiary hearing before Magistrate Judge Mitchell, and review of defendant's submission to this court, this court finds that defendant did not present any credible evidence to rebut the presumption that he is a threat to the community.

The court further finds that, even if defendant presented evidence that would rebut the presumption of detention, the government has proven that he is a danger to the community by clear and convincing evidence. Defendant is charged with a serious crime involving the sexual abuse of a child. The government has proven that there is probable cause to believe

that defendant committed the charged crime and a strong likelihood of conviction. Further, the government has proven that defendant is currently unemployed and that he has a history of physical and medical problems. The government has proven, therefore, that defendant is a danger to the community as well as a potential flight risk. The government has also proven that defendant may pose a serious danger to minors.

Accordingly, defendant's Motion for Revocation of Detention Order, [doc. No. 24] is hereby DENIED. This memorandum order constitutes this court's finding of fact and written statement of reasons as required by 18 U.S.C. § 3142(I).

IT IS FURTHER ORDERED THAT defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

IT IS FURTHER ORDERED THAT defendant be afforded a reasonable opportunity to consult privately with defense counsel; IT IS FURTHER ORDERED THAT on order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

BY THE COURT:

_____, J.